**Valentine HOWELL and Loretta B. Howell, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14751.**

United States Court of Appeals Third Circuit.

Argued May 18, 1964.

Decided May 26, 1964.

Carl F. Bauersfeld, Washington, D. C. (Robert Ash, Washington, D. C., on the brief), for petitioners.

Timothy B. Dyk, Dept. of Justice, Washington, D. C. (Robert F. Kennedy, Atty. Gen., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Morton K. Rothschild, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before HASTIE, GANEY and SMITH, Circuit Judges.

PER CURIAM.

In this case the Tax Court disallowed a deduction claimed by the petitioners on account of losses sustained by a theatrical agency, a partnership of the petitioner Valentine Howell and Miriam Howell Warren, his second cousin and sister-in-law. This decision was predicated upon a finding by the Tax Court that the taxpayer became a principal in the ill-fated partnership to help his relative and not primarily with a view to earning a profit through investing in a commercial venture.

We have recently pointed out that it "is the function of the Tax Court to weigh the evidence, draw the inferences of which the evidence is reasonably susceptible, and, if necessary, resolve conflicting inferences", and that the "decision of the Tax Court, based upon its findings of fact, is conclusive unless it appears from an examination of the rec-

ord that the findings of fact were clearly erroneous". Carpenter v. Commissioner of Internal Revenue, 3 Cir., 1963, 322 F.2d 733, 736. Having considered the entire record that was before the Tax Court, we are unable to say that its finding as to the primary purpose of the taxpayer Valentine Howell's venture was clearly erroneous.

Accordingly, the decision of the Tax Court will be affirmed.